## CIRCUIT COURT OF BEDFORD COUNTY

D. A. Mills

v.

G. Michael Shelton

April 3, 1998

Case No. CL 97009298-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule upon the demurrer of the defendant in the above case. I sustain the demurrer on the grounds that the defendant had an absolute privilege to make the statements he made to the Senate Courts of Justice Committee of the Commonwealth of Virginia. Accordingly, this case is dismissed. My reasons are set forth below.

This is a defamation action brought by D. A. "Jack" Mills against G. Michael Shelton for statements he made in a letter to the Senate Courts of Justice Committee which was printed in an article in the *Roanoke Times* published on January 7, 1997. The remarks published in the newspaper quoted from a letter that G. Michael Shelton, then the Mayor of the City of Bedford, wrote to the Senate Courts of Justice Committee supporting the reelection of Philip A. Wallace as a Juvenile and Domestic Relations District Court Judge.

Mr. Mills opposed the reelection of Judge Wallace. The article in the *Roanoke Times* discussed the opposition of Mr. Mills to the reelection of Judge Wallace, and quoted various supporters of Judge Wallace. Included in the quotations supporting Judge Wallace were portions of the letter written by Mr. Shelton to the Senate Courts of Justice Committee stating his support for Judge Wallace.

The following statements in the letter by Mr. Shelton printed in the *Roanoke Times* are alleged to be defamatory by Mr. Mills:

Philip A. Wallace has been an excellent judge and should not be destroyed, impugned, or publicly embarrassed by someone who tends to take advantage of people during some of their weakest emotional moments . . .

The Philip Wallace that Jack Mills describes in his writings is not the same Philip Wallace who has so ably served Bedford over the years. What you are witnessing, I believe, is an individual with a vendetta which he attempts to picture as a noble cause.

I do not quarrel with Mr. Mills' general goals of assisting abused and battered women and children; however, the methods to achieve his ends are extreme and dangerous, not just to the judge and the court, but also to the individuals he purports to be serving.

Among the grounds set forth in his demurrer, Mr. Shelton maintains his statements are privileged. While the defendant cites cases supporting a qualified privilege, this Court finds that the statements set forth in Mr. Shelton's letter to the Senate Courts of Justice Committee are absolutely privileged.

The Virginia Supreme Court has held that there are two kinds of privileged communications, those that are absolutely privileged and those that are qualifiedly privileged. Further, the court has held that absolute privilege applies in three classes of cases, namely: proceedings of legislative bodies, judicial proceedings, and communications by military and naval officers. *Story v. Norfolk-Portsmouth Newspapers, Inc.*, 202 Va. 588, 590, 118 S.E.2d 668 (1961).

There are sound public policy reasons for granting an absolute privilege to persons who testify during judicial proceedings or furnish information to legislative bodies. The Supreme Court of Virginia, in *Watt v. McKelvie*, 219 Va. 645, 651, 248 S.E.2d 826 (1978), stated with respect to judicial proceedings:

We believe the public interest is best served when individuals who participate in lawsuits are allowed to conduct the proceeding with freedom to speak fully on the issues relating to the controversy.

The same can certainly be said for matters before legislative bodies. Citizens should be allowed to communicate freely their concerns to legislative bodies concerning matters pending before the legislature. Mr. Shelton, the Mayor of the City of Bedford, chose to put in writing his feelings about the reelection of Judge Wallace to the Senate Courts of Justice Committee. The

Senate Courts of Justice Committee, of course, has the duty to recommend to the full Senate whether or not a judge should be reelected. All citizens and public officials within the jurisdiction of the courts served by the judge should be allowed to speak freely and fully on the issues related to the reelection of Judge Wallace. Mr. Mills was clearly opposing the reelection of Judge Wallace, and Mr. Shelton was entitled to address both his support for Judge Wallace and his views about those who were opposing his reelection. For this Court to rule otherwise would discourage citizens from communicating with their elected representatives on matters pending before a legislative body.

Accordingly, this Court finds that the letter of Mr. Shelton, portions of which were printed in the *Roanoke Times*, is absolutely privilege because it was communicated to the Senate Courts of Justice Committee of the Commonwealth of Virginia concerning a matter that was pending before the General Assembly of the Commonwealth of Virginia.

## Order

This case came before the Court on the demurrer of the defendant. Upon the argument of the parties and the papers formerly read, the Court doth adjudge, order, and decree, for the reasons set forth in its opinion letter dated April 3, 1998, that the demurrer is sustained and this action is dismissed. The Court doth further order that the opinion letter of April 3, 1998, is incorporated into this Order.

The Clerk is directed to furnish a certified copy of this Order to the plaintiff and to counsel for the defendant. This case is now ended and dismissed from the docket of this Court.